UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS L. MORALES,

    Petitioner,

v.                                                  Case No.  8:10-cv-2184-T-33TBM

FLORIDA DEPARTMENT OF CORRECTIONS,
WALTER MCNEIL,

    Respondents.
_____

## ORDER

This cause is before the Court on Luis Morales' timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus.  Morales attacks his convictions for possession of cocaine and trafficking in cocaine arising out of charges filed in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in state circuit case numbers 04-12359 and 04-14135.  A review of the record demonstrates that, for the following reasons, the petition must be **denied**.

## PROCEDURAL HISTORY

In case number 04-12359, Morales was arrested on July 1, 2004, for possession of cocaine while in control of a motor vehicle and for possession of paraphernalia. On August 2, 2004, the State charged him with possession of cocaine (count 1) and possession of drug paraphernalia (count 2). (Exhibit 1: Information). In case number 04-14135, Morales was arrested on July 28, 2004, for trafficking in cocaine and conspiracy to traffic in cocaine. However, on August 18, 2004, the State charged him with trafficking in cocaine. (Exhibit 2: Information).

On November 29, 2004, Morales appeared before the Honorable Daniel Sleet, Circuit Judge, to enter an open plea of guilty on all counts in both case numbers. (Composite Exhibit 3: Plea Forms). On June 12, 2006, the court sentenced Morales in both cases. In case number 04-12359, the court imposed a suspended sentence of five years incarceration and placed Morales on six months community control, to be followed by five years probation, concurrent with the sentence in case number 04-14135. (Composite Exhibit 4: Judgment and Sentence and Order of Community Supervision).

In case number 04-14135, the court imposed a suspended sentence of fifteen years incarceration and placed Morales on six months community control followed by five years probation concurrent with the sentence in case number 04-12359. (Composite Exhibit 5: Judgment and Sentence and order of community supervision).

On July 20, 2006, Morales was arrested for violating Community Control (VOCC) in both case numbers. (Composite Exhibit 6: criminal report affidavit, and arrest affidavit). An affidavit of VOCC and amended affidavit of VOCC were filed in both case numbers. The affidavits reflected that Morales violated condition No. 5 of his Order of Community Control by possessing eighty-two baggies of cocaine and other paraphernalia, which were found during a warrantless probation search of Morales' residence. (Composite Exhibit 7: Affidavits).

On September 13, 2006, a revocation hearing was held before the Honorable Daniel L. Perry, Circuit Judge, where both the State and the defense presented witnesses. (Exhibit 8: Transcript of Revocation Hearing). Morales was represented at the hearing by Deeann Athan. At the conclusion of the hearing, the court revoked community control in case number 04-12359 and sentenced Morales to five years incarceration with credit for jail time,

and concurrent with the sentence in case number 04- 14135.

In case number 04-14135, the court revoked Morales' probation and sentenced him to fifteen years incarceration with credit for jail time, and concurrent with the sentence in case number 04-12359. (Composite Exhibit 9: Judgments and Sentences and Order Revoking Probation).

Morales appealed the revocation judgments and sentences. His appointed counsel, Assistant Public Defender Brad Permar, filed an initial brief (Exhibit 10) raising one issue: Judge Perry Erred in Finding a Willful, Substantial Violation of Probation.

On October 26, 2007, in Case No. 2D06-4391, the state district court of appeal per curiam affirmed the revocation judgments. (Exhibit 12). *Morales v. State*, 967 So. 2d 916 (Fla. 2d DCA 2007)[table]. The mandate issued November 19, 2007. (Exhibit 13).

On March 25, 2008, Morales filed a pro se Rule 3.850 motion for postconviction relief raising four grounds for relief: 1) Ineffective assistance of counsel for failure to file a motion to dismiss the affidavit of VOCC; 2) Ineffective assistance of counsel for failure to file a motion to suppress cocaine found during the probation search; 3) Ineffective assistance of counsel for failure to object to the Court's finding that Morales violated condition No. 5 of his community control; 4) Ineffective assistance of counsel for failure to object to the trial court's order revoking community control. (Exhibit 14).

On November 14, 2008, the court summarily denied the four grounds. (Exhibit 15). Morales appealed the adverse ruling. (Exhibit 16). On December 30, 2009, in Case No. 2D08-6094, the state district court of appeal per curiam affirmed the denial of postconviction relief. (Exhibit 19). *Morales v. State*, 29 So. 3d 302 (Fla. 2d DCA 2009)[table]. Morales filed a motion for rehearing and rehearing en banc (Exhibit 20), which

the state district court of appeal denied on March 2, 2010. (Exhibit 21). The mandate issued March 18, 2010. (Exhibit 22). Morales then filed the present petition raising four grounds for relief.

## STANDARDS OF REVIEW

### The AEDPA Standard

Morales' petition is governed by the provisions of 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Woodford v. Garceau*, 538 U.S. 202 (2003); *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## DISCUSSION

### GROUND ONE

Morales contends his attorney was ineffective for failing to file a motion to dismiss the affidavit of violation of Community Control because the affidavit was facially insufficient. Morales raised this claim as the ground one in his Rule 3.850 motion for postconviction relief. The state trial court denied the claim, stating:

> In ground 1 Defendant asserts the affidavit of VOCC was legally insufficient on its face, and counsel should have filed a motion to dismiss the affidavit. Defendant was found to be in violation of condition #5 which states,
>
>> "You will live and remain at liberty without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your community control."
>
> He alleges that the affidavit was not "properly pled," thus the revocation of his probation was a violation of due process and is fundamental error. He alleges that the more "appropriate" violation would have been violation of condition #7 of the Order of Community Control, which states
>
>> "You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used."
>
> Defendant cites to, among other cases, *Perkins v. State*, 842 So. 2d275, 278 (Fla. 1st DCA 2003) for the proposition that a trial court may not revoke probation for conduct not specifically charged in the affidavit.
>
> In Defendant's case, there was no basis for counsel to move to dismiss the affidavits of VOCC. The first affidavit of VOCC signed on July 21, 2006 states Defendant violated the condition to remain at liberty without violating the law by possessing 70 baggies of cocaine. (*See* affidavit) The amended affidavit of VOCC states Defendant violated the condition to remain at liberty without violating the law by having drug paraphernalia. (*See* amended affidavit)

> In this case both affidavits cite to the possession of cocaine as a violation of the law, and thus a violation of condition #5 of community control. *Cf. Parminter v. State*, 762 So. 2d 966, 967 (Fla. 2d DCA 2000)(holding where the affidavit did not mention the possession of cocaine, rather battery of a girlfriend, the trial court was in error for revoking probation and sentencing him on the cocaine charge). Unlike *Parminter* the charge of possession of cocaine cited in the affidavit was the violation for which the court revoked Defendant's probation. (*See* revocation transcript p. 96) The Court properly revoked his community control based on the specific conduct charged in the affidavits of VOCC. Therefore, because there was no basis under which to file a motion to dismiss, counsel cannot be deemed ineffective. Ground 1 is denied.

Exhibit 15: Order Denying Motion for Postconviction Relief, pp. 4-5.

The second district court of appeal affirmed the trial court's order denying postconviction relief. Morales has not shown by clear and convincing evidence that the state courts' rulings were "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Ground one does not warrant habeas corpus relief.

## GROUND TWO

Morales contends his attorney was ineffective for failing to file a motion to suppress the cocaine found in Morales' residence. Morales raised this ground two as ground two in his Rule 3.850 motion for postconviction relief. The claim has no merit for the reasons stated by the postconviction court:

> In ground 2 Defendant asserts counsel failed to file a motion to suppress the cocaine found during the probation search of his home. Defendant divides this ground into five (5) subparts (a) through (d). (*See* motion) He alleges there was no reasonable suspicion to enter his home. He cites to *Grubbs v. State*, 373 So. 2d 905 (Fla. 1979). As explained by the Second DCA in *Bamberg v. State*, 953 So. 2d 649 (Fla. 2d DCA 2007), the Florida Supreme Court in *Grubbs* drew a "distinction between a warrantless search of a probationer made by a probation officer for the purpose of supervising the probationer and a search made by law enforcement officers unrelated to the supervisory purpose. *Id.* at 652 (citing *Grubbs*, 373 So. 2d

at 909). The search of Defendant's home on July 20, 2006 was conducted by probation officers[1] for the purpose of supervising Defendant after they had received information he was selling drugs out of his house. (*See* revocation hearing transcript, pp. 8, 12-14, 29-31, 41-44) The search was valid because drugs obtained through search of the house were only used in the probation violation proceedings. *See Grubbs*, at 907. Thus, it would have been futile for counsel to move to suppress the drugs that were obtained during a valid, lawful, probation search of Defendant's house. Counsel was not ineffective for failing to file a futile motion. Ground 2 is denied.

Exhibit 15: Order Denying Motion for Postconviction Relief, pp. 5-6.

The second district court of appeal affirmed the trial court's order denying postconviction relief. Morales has not shown by clear and convincing evidence that the state courts' rulings were "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Ground two does not warrant habeas corpus relief.

## GROUND THREE

Morales contends his attorney was ineffective for failing to object to the state court's finding that he violated condition No. 5 of the terms of his Community Control on the basis that it was not established that Morales had actual knowledge of the presence of cocaine in his residence. Morales raised this ground as ground three in his Rule 3.850 postconviction motion. The state court reasonably denied this claim, stating:

> In ground 3 Defendant asserts counsel was ineffective for failure to object to the Court's finding that he violated condition #5. Specifically he asserts that the evidence did not establish he had actual knowledge of the presence of cocaine, and that the State did not establish both elements necessary to prove constructive possession. In order to revoke probation, "the [S]tate must prove by the greater weight of the evidence that the probationer's actions were 'willful and substantial." *Roseboro v. State*, 528

---

[1] Michael Rovellada (probation supervisor), Deion Robin (probation officer), Rafael Rosquette (probation officer), Denise Felix (probation officer). (See revocation hearing transcript).

7

So. 2d 499, 500 (Fla. 2d DCA 1988). Further, a trial court has broad discretion in determining whether a condition of probation has been violated. *Van Wagner v. State*, 677 So. 2d 314, 316 (Fla. 2d DCA 1996)(citing *Harris v. State*, 610 So. 2d 36, 37 (Fla. 2d DCA 1992)). In this case, the State presented testimony from four probation officers and two detectives regarding the cocaine found in Defendant's house. The evidence included testimony that Defendant admitted that the drugs were his. (*See* revocation hearing transcript, p. 33) Thus, "[w]here the greater weight of the evidence supports a trial judge's finding that a probationer has violated a condition of probation, the decision as to whether or not to revoke the probation is within the discretion of the trial judge." *Brown v. State*, 455 So. 2d 635 (Fla. 5th DCA1984)(citing *Harris v. State*, 453 So. 2d 228 (Fla. 5th DCA 1984)). There would have been no valid basis for counsel to object to the trial court's finding of violation of condition #5 of his probation. Counsel was not ineffective. Ground 3 is denied.

Exhibit 15: Order Denying Motion for Postconviction Relief, pp. 6-7.

The second district court of appeal affirmed the trial court's order denying postconviction relief. Morales has not shown by clear and convincing evidence that the state courts' rulings were "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Ground three does not warrant habeas corpus relief.

## GROUND FOUR

Morales argues his attorney was ineffective for failing to object to revocation of Community Control because the trial court failed to make a finding that the violation was willful and substantial. The state postconviction court properly rejected this claim, finding "[a]s stated in ground 3 supra, there would have been no basis for objecting to the trial court's findings. Counsel was not ineffective." (Exhibit 15: Order Denying Motion for Postconviction Relief, p. 7).

The state postconviction court cited *Strickland v. Washington* in the order denying relief, and applied the *Strickland* two-part test to each of the four grounds raised in the Rule

3.850 motion. The state district court of appeal affirmed the denial of postconviction relief. The state courts' decisions were not contrary to United States Supreme Court precedent. Moreover, the state court reasonably determined that trial counsel's acts or omissions did not prejudice Morales under the facts and circumstances of his case. Ground four does not warrant habeas corpus relief.

Morales is not entitled to relief on any of his claim based on the AEDPA standard. The arguments in Morales' reply are not persuasive and do not convince this Court otherwise.

Accordingly, the Court orders:

That Morales' petition is denied. The Clerk is directed to enter judgment against Morales and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 8, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Luis L. Morales